UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KENNETH DOUGHERTY,                        **No. 1:12-CR-00281 (MAT)**
                                          **No. 1:16-CV-00369 (MAT)**
                              Movant,
          -vs-                            **DECISION AND ORDER**

UNITED STATES OF AMERICA,

                           Respondent.

_____

I.   **Introduction**

On August 2, 2013, movant Kenneth Dougherty ("Dougherty"), a
federal prisoner, was sentenced to a term of 108 months
imprisonment following the Court's finding that his predicate
conviction of third-degree robbery qualified as a "crime of
violence" under the residual clause contained in United States
Sentencing Guidelines ("U.S.S.G.") § 4B1.2(a)(2), which resulted in
the application of an enhanced base offense level pursuant to
U.S.S.G. § 2K2.1(a)(4)(A).

Plaintiff has two pending motions pursuant to 28 U.S.C. § 2255
before this Court. In the first, dated May 9, 2016, Dougherty
argues, *pro se*, that his judgment of conviction should be set aside
because of an alleged lack of notice to the Tuscarora tribal
council of his arrest. See doc. 55. In the second, dated June 6,
2016 and in which Dougherty is represented by the Federal Public
Defender ("FPD"), Dougherty moves this Court to vacate and correct
his sentence due to the Supreme Court's holding in Johnson v.
United States, __ U.S. __, 135 S. Ct. 2551 (2015). See doc. 60.

That case struck down, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the language of which was identical to the residual clause of the Sentencing Guidelines, under which Dougherty was sentenced.

On May 19, 2017, the FPD moved to withdraw as Dougherty's counsel on the second § 2255 motion. Doc. 69. The government does not oppose this motion. See doc. 73. For the reasons that follow, the Court grants the FPD's motion to withdraw as Dougherty's counsel with respect to his June 6, 2016 motion, and further denies both of Dougherty's § 2255 motions.

## II. Discussion

### A. The June 6, 2016 § 2255 Motion (Doc. 60)

On March 6, 2017, the Supreme Court decided Beckles v. United States, 137 S. Ct. 886, 894 (2017). That case held that Johnson's holding, which found the residual clause of the ACCA unconstitutionally void for vagueness, did *not* void for vagueness the identical residual clause language contained in the Sentencing Guidelines. See Beckles v. United States, 137 S. Ct. 886, 894 (2017). Because Dougherty was sentenced pursuant to the residual clause of the Sentencing Guidelines, Dougherty's motion is directly affected by the outcome of Beckles. Accordingly, the Federal Public Defender has moved to withdraw from this case (doc. 69) and the Court hereby grants that motion.

As discussed above, Dougherty was sentenced pursuant to the residual clause then contained within the Sentencing Guidelines. See U.S.S.G. § 4B1.2(a)(2). The Court is therefore constrained to find that, due to the holding of <u>Beckles</u>, Dougherty' § 2255 motion has been rendered meritless and it is therefore dismissed. See <u>United States v. Flores</u>, 2017 WL 1274216, at *1 (S.D.N.Y. Apr. 4, 2017) ("Because the Supreme Court held in [<u>Beckles</u>] that, unlike ACCA, the Sentencing Guidelines are not subject to vagueness challenges, defendant's motion is denied.").

**B.    The May 9, 2016 § 2255 Motion (Doc. 55)**

Dougherty's first § 2255 motion, which was filed on May 9, 2016, is time-barred. As relevant to this motion, § 2255 provides that a petitioner has one year from the date on which the judgment of conviction became final in which to file a motion pursuant to that section. Dougherty's judgment of conviction was filed on August 9, 2013 (see doc. 52) and was not appealed. See <u>Moshier v. United States</u>, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). He did not file this § 2255 motion until more than two years later. Thus, this motion is clearly time-barred and it is therefore dismissed.

## III. Conclusion

The Federal Public Defender's motion to withdraw as counsel (doc. 69) is granted. Dougherty's motions to vacate his sentence pursuant to § 2255 (docs. 55, 60) are denied. No certificate of

appealability shall issue because Dougherty has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court is directed to close Case No. 6:16-CV-00369.

**ALL OF THE ABOVE IS SO ORDERED.**


**S/Michael A. Telesca**

———————————————————
HON. MICHAEL A. TELESCA
United States District Judge

Dated:    June 14, 2017
          Rochester, New York.